CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 04 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DONNA A. CREASEY, | ) |
| | ) Civil Action No. 5:10CV00083 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Donna A. Creasey, was born on September 29, 1963, and eventually completed her high school education. Mrs. Creasey also attended community college. She has been employed as a construction laborer and kitchen worker. Mrs. Creasey last worked on a regular and sustained basis in 2006. On November 28, 2006, plaintiff filed applications for disability insurance benefits

and supplemental security income benefits. Mrs. Creasey alleged that she became disabled for all forms of substantial gainful employment on August 1, 2006 due to depression, kidney problems, back problems, and joint problems. She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Creasey met the insured status requirements of the Act through the second quarter of 2008, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, Mrs. Creasey is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before June 30, 2008. See 42 U.S.C. § 423(a).

Mrs. Creasey's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 29, 2008, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Creasey suffers from a history of substance abuse, depression, and back disorder. Because of these impairments, the Law Judge determined that plaintiff is disabled for all of her past relevant work roles. The Law Judge found that plaintiff retains sufficient functional capacity for a limited range of light work activity. The Law Judge assessed Mrs. Creasey's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has a residual functional capacity less than that required to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift 20 pounds occasionally and 10 pounds frequently. She can stand or walk about 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday. She cannot climb ladders, ropes or scaffolds. She can climb stairs and ramps occasionally. She can occasionally balance, kneel, stoop, crouch, and crawl. She must avoid even moderate exposure to hazards such as moving machine parts and unprotected heights. She is limited to simple, unskilled work not involving close coordination with others or frequent public contact.

(TR 13). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mrs. Creasey retains sufficient functional capacity to perform several specific light work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Creasey is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Creasey has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Creasey has a history of a variety of physical and emotional problems. By way of physical difficulties, the medical record reflects treatment over the years for hypertension, obesity, fibromyalgia, chronic lower abdominal pain, recurring kidney stones, and degenerative disc disease in the lower back and hips. The medical

3

record also reflects treatment for multiple, transitory conditions. In terms of nonexertional impairments, the medical record reveals that Mrs. Creasey has been treated for depression, personality disorder, and marijuana abuse. However, for the most part, the record reflects that plaintiff's problems have remained under reasonably good control with proper medical intervention. It seems that Mrs. Creasey's lower back problems have provided her most significant source of difficulty. Prior to the termination of her insured status, she received conservative treatment for her discomfort, including therapy and steroid injections. Mrs. Creasey underwent fusion surgery in April of 2009, sometime after the Law Judge rendered his opinion, and there is every indication that this procedure was successful in relieving her more prominent symptoms. No doctor has identified objective findings which would suggest the existence of a totally disabling impairment. Having reviewed all of the medical reports in what is a substantial administrative record, the court believes that the Administrative Law Judge properly determined that plaintiff's physical and emotional problems, considered singly or in combination, are not so severe as to prevent performance of lighter levels of work activity. It follows that the final decision of the Commissioner must be affirmed.

On appeal to this court, plaintiff advances several arguments in support of her assertion that the Administrative Law Judge's opinion is flawed. Mrs. Creasey cites Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995) in support of her contention that the Law Judge erred in not arranging for a medical advisor to testify as to the date of her disability onset. Plaintiff believes that the medical evidence developed in connection with her back surgery establishes that she is disabled, and that Bailey requires input from some medical specialist in assisting the Law Judge in determining whether her disability "relates back" to an earlier time. However, this argument is unavailing. This court has consistently held that the rationale of Bailey, and Social Security Ruling 83-20, as cited therein,

record also reflects treatment for multiple, transitory conditions. In terms of nonexertional impairments, the medical record reveals that Mrs. Creasey has been treated for depression, personality disorder, and marijuana abuse. However, for the most part, the record reflects that plaintiff's problems have remained under reasonably good control with proper medical intervention. It seems that Mrs. Creasey's lower back problems have provided her most significant source of difficulty. Prior to the termination of her insured status, she received conservative treatment for her discomfort, including therapy and steroid injections. Mrs. Creasey underwent fusion surgery in April of 2009, sometime after the Law Judge rendered his opinion, and there is every indication that this procedure was successful in relieving her more prominent symptoms. No doctor has identified objective findings which would suggest the existence of a totally disabling impairment. Having reviewed all of the medical reports in what is a substantial administrative record, the court believes that the Administrative Law Judge properly determined that plaintiff's physical and emotional problems, considered singly or in combination, are not so severe as to prevent performance of lighter levels of work activity. It follows that the final decision of the Commissioner must be affirmed.

On appeal to this court, plaintiff advances several arguments in support of her assertion that the Administrative Law Judge's opinion is flawed. Mrs. Creasey cites Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995) in support of her contention that the Law Judge erred in not arranging for a medical advisor to testify as to the date of her disability onset. Plaintiff believes that the medical evidence developed in connection with her back surgery establishes that she is disabled, and that Bailey requires input from some medical specialist in assisting the Law Judge in determining whether her disability "relates back" to an earlier time. However, this argument is unavailing. This court has consistently held that the rationale of Bailey, and Social Security Ruling 83-20, as cited therein,

applies only after the issue of disability has been decided in the claimant's favor, and the date of disability onset cannot be established through reference to some particular traumatic event.[1] Inasmuch as the Commissioner has not concluded that plaintiff became disabled at some later, unspecified date, the court concludes that the Administrative Law Judge did not err in failing to secure input from a medical advisor in determining a date of disability onset in Mrs. Creasey's case.

In a second, related argument, plaintiff urges the court to remand this case to the Commissioner so that more explicit consideration can be given to the medical reports compiled in 2009, documenting plaintiff's lower back procedure. The record reveals that these later reports were not before the Administrative Law Judge, but were submitted to the Appeals Council sometime after the Law Judge issued his decision. The Appeals Council purportedly considered these new reports in adopting the Law Judge's opinion as the final decision of the Commissioner, although the Appeals Council gave no reasons for concluding that the new evidence was not such as to justify a change in the Law Judge's reasoning. It is true that this court has sometimes held that it is necessary to remand a case to the Commissioner for further consideration when the Appeals Council fails to give reasons for concluding that new evidence submitted directly to the Appeals Council is not such as to necessitate further consideration by a Law Judge. See Alexander v. Apfel, 14 F. Supp. 2d 839, 843 (W.D. Va. 1998). However, in Alexander, the court also noted that remand is sometimes unnecessary when it is clear upon review of such "interim" evidence, that the Commissioner's

---

[1] For example, in Bailey, the Administrative Law Judge had already found that the claimant was disabled. The Law Judge established the claimant's disability onset through reference to the date of a medical report which established the claimant's disability. Citing Social Security Ruling 83-20, the Fourth Circuit found that the date of disability onset did not necessarily coincide with the date of first recorded medical documentation of the disabling condition. The Fourth Circuit noted that in such circumstances, the date of disability onset must be inferred, and that input from a medical advisor would be helpful in making the inference.

underlying decision is, or is not, supported by substantial evidence. 14 F. Supp. 2d at 844 n. 3. In the instant case, the court does not believe that the new evidence submitted to the Appeals Council is such as to require additional consideration by the Law Judge. In the reports documenting plaintiff's recent lower back surgery, it is noted that Mrs. Creasey previously opted to treat her lower back problems through conservative measures. (TR 1055). According to her treating orthopaedic surgeon, the procedure was largely successful in relieving most of plaintiff's most severe symptoms. Given such circumstances, the court does not believe that consideration of the medical reports generated as a result of plaintiff's recent back surgery would likely result in any different disposition of her claims for disability. The court finds no cause for remand under <u>Alexander v. Apfel, supra</u>.

Finally, plaintiff argues that the Commissioner erred in failing to credit the opinions from two treating medical sources who both opined that Mrs. Creasey is totally disabled. In a letter to the Harrisonburg Redevelopment Housing Authority dated April 23, 2007, Ms. Deirdre Staton, plaintiff's licensed clinical worker, related as follows:

> As you requested, I am writing to confirm that Donna A. Creasey is in services with me and our psychiatrist, Dr. Inez White, here at the CSB. She is unemployed and unable to work due to significant symptoms of anxiety and depression for which she has applied for Disability. Donna is also trying to arrange housing to try and leave an abusive relationship.

(TR 640). In an undated note, apparently prepared sometime in 2007, Dr. Rojelio Mejia, who had provided treatment for Mrs. Creasey on several occasions at the University of Virginia Medical Clinic, reported as follows:

> Ms Donna Creasey is under my care at the University of Virginia Health System. She is currently undergoing treatment that inhibits her from working a full time position. It is my recommendation that she be approved for disability or other state/federal aid.

(TR 754). The court does not believe that the Administrative Law Judge erred in failing to accept these reports as dispositive of the issue of plaintiff's disability. The simple fact is that neither Ms. Staton nor Dr. Mejia offered any clinical findings, objective notations, or medical diagnoses in support of their opinions. In such circumstances, the Law Judge cannot be faulted for refusing to blindly adopt the finding of disability recommended by the treating sources. Under 20 C.F.R. §§ 404.1527(d)(3) and 416.927(d)(3), it is provided as follows:

> The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.

In affirming the final decision of the Commissioner, the court does not suggest that Mrs. Creasey is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff has suffered from an involved treatment history and that she has experienced many different physical and emotional difficulties. In reviewing plaintiff's medical history, however, the court cannot help but note that her various problems have seemed to "come and go," and that none of her conditions has existed with such permanence as is required for a finding of disability for purposes of social security benefits. It must also be noted that no doctor has identified objective findings which would support an overall determination of disability. It should be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge thoroughly considered all of the evidence of record in adjudicating

plaintiff's claims for benefits. The court believes that the Administrative Law Judge considered the subjective factors in the case in determining that Mrs. Creasey is not disabled. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 1st day of April, 2011.

_____
Chief United States District Judge